RONALD LEE GILMAN, Circuit Judge,
concurring.
I fully agree with the analysis and result reached by the lead opinion. My purpose in writing separately is to point out what appears, based on Arflack’s allegations, to be an abdication of duty by the HCDC prison officials to protect Arflack from harm at the hands of another prisoner. See Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (“[P]rison officials have a duty [under the Eighth Amendment] to protect prisoners from violence at the hands of other prisoners” (alterations and internal quotation marks omitted)); see also id. at 834, 114 S.Ct. 1970 (listing a case from every regional circuit holding similarly, including Roland v. Johnson, 856 F.2d 764, 769 (6th Cir.1988)).
Before a prisoner can succeed against prison officials on an Eighth Amendment duty-to-protect claim under 42 U.S.C. § 1983, two requirements must be met: (1) the “deprivation alleged must be, objectively, sufficiently serious,” and (2) “a prison official’s act or omission must result in the denial of the minimal civilized measure of life’s necessities.” Id. (internal quotation marks omitted). The Supreme Court has not defined what would constitute a sufficiently serious deprivation in this context. But a “threat to the health and safety of another inmate is ‘sufficiently serious’ to satisfy” the objective component of this analysis. Williams v. McLemore, 247 Fed.Appx. 1, 9-10 (6th Cir.2007) (assuming that the objective component of the deliberate indifference standard was satisfied where there was evidence that one inmate threatened another).
To succeed against the prison officials, Arflack would also need to show that they acted with “deliberate indifference” to a substantial risk that Arflack would suffer serious harm at the hands of his cellmate Kenny Holland. “A sufficiently culpable state of mind is one in which the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.” Curry v. Scott, 249 F.3d 493, 506 (6th Cir.2001) (internal quotation marks omitted). “A prison official can be liable if he disregards that risk by failing to take reasonable measures to abate it.” Id. (quoting Farmer, 511 U.S. at 847, 114 S.Ct. 1970).
Assuming that the facts as alleged by Arflack are true, as we must assume at the summary-judgment stage of the case, the allegations are sufficient to establish that (1) Holland presented a serious threat to Arflack’s safety, and (2) the prison officials disregarded Arflack’s repeated requests to be separated from his dangerous cellmate. In spite of these allegations, however, I find no basis in the record to disagree with the lead opinion that Arflack has failed to exhaust his administrative remedies and is therefore unable to pursue his failure-to- *835 protect claim through the courts until he does so. But the HCDC officials should recognize that their success on this claim is based solely on procedural grounds. Hopefully in the future these officials will investigate and act upon credible threats of serious harm to prevent another horrific attack. See Farmer, 511 U.S. at 833, 114 S.Ct. 1970 (“Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate peno-logical objective.” (citation and internal quotation marks omitted)).